## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2020, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark D. Altenhof
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Joshua A. Flores,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 24, 2020

Court of Appeals Case No.
19A-CR-2006

Appeal from the Elkhart Superior
Court

The Honorable Kristine Osterday,
Judge

Trial Court Cause No.
20D01-1805-F5-127

**Bradford, Chief Judge.**

# Case Summary

[1] In May of 2018, Joshua Flores was charged with one count of Level 5 felony domestic battery resulting in serious bodily injury and two counts of Class A misdemeanor domestic battery after physically harming his girlfriend Breann Foster. In July of 2019, after a bench trial, Flores was found guilty as charged. Flores contends that the State committed prosecutorial misconduct. Because we disagree, we affirm.

# Facts and Procedural History

[2] Foster and Flores were in a romantic relationship, living together with Flores's mother. In October of 2017, after accusing Foster of having sex with another man, Flores shoved Foster and punched her in the nose, fracturing it. Foster moved out of Flores's residence but spent the night with him in November of 2017. The next morning, Flores again accused Foster of having sex with another person. Flores pulled Foster to the floor by her hair and began kicking her to the point where she was "seeing colors … [and] felt like [she] was going to pass out." Tr. Vol. II p. 176. At some point, Foster ran to a residence across the street but, before the resident answered, Flores grabbed Foster and yanked her to the ground.

[3] On May 3, 2018, the State charged Flores with one count of Level 5 felony domestic battery resulting in serious bodily injury and two counts of Class A misdemeanor domestic battery. A bench trial was held on July 16, 2019, after

which Flores was found guilty as charged. On August 19, 2019, the trial court sentenced Flores to an aggregate sentence of six years of incarceration with one suspended to probation.

# Discussion and Decision

[4] Flores contends that the State committed prosecutorial misconduct at trial by repeatedly eliciting irrelevant evidence that was highly prejudicial to him. Specifically, Flores contends that prosecutorial misconduct occurred when the prosecutor analogized the facts of present case to other domestic violence cases in opening and closing arguments and elicited evidence about Flores's power and control over Foster, namely, (1) Foster's grandmother's testimony regarding Foster's behavioral changes while dating Flores, (2) Foster's testimony regarding Flores having been previously incarcerated, (3) Foster showing the trial court a large tattoo of Flores's name across her chest, and (4) the prosecutor discussing power and control during closing argument. Because Flores failed to raise this claim in the trial court, we review it for fundamental error.

[5] We review a claim of prosecutorial misconduct by determining (1) whether misconduct occurred, and if so, (2) whether the misconduct, under all circumstances, placed the defendant in a position of grave peril to which he would not have been subjected otherwise. *Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014). "To preserve a claim of prosecutorial misconduct, the defendant must—

at the time the alleged misconduct occurs—request an admonishment to the jury, and if further relief is desired, move for a mistrial." *Id*.

> Our standard of review is different where a claim of prosecutorial misconduct has been procedurally defaulted for failure to properly raise the claim in the trial court, that is, waived for failure to preserve the claim of error. The defendant must establish not only the grounds for prosecutorial misconduct but must also establish that the prosecutorial misconduct constituted fundamental error. Fundamental error is an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to make a fair trial impossible. In other words, to establish fundamental error, the defendant must show that, under the circumstances, the trial judge erred in not *sua sponte* raising the issue because alleged errors (a) constitute clearly blatant violations of basic and elementary principles of due process and (b) present and undeniable and substantial potential for harm. The element of such harm is not established by the fact of ultimate conviction but rather depends upon whether [the defendant's] right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled.

*Id*. at 667–68 (internal quotations and citations omitted). "Fundamental error is meant to permit appellate courts a means to correct the most egregious and blatant trial errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for defendant counsel who ignorantly, carelessly, or strategically fail to preserve an error." *Id*. at 668. *See Baer v. State*, 942 N.E.2d 80, 99 (Ind. 2011) (finding that it is "highly unlikely" for a claim of fundamental error in regards to prosecutorial misconduct to prevail).

[6]     Here, there is no evidence to suggest that the trial court considered this allegedly inappropriate evidence when rendering its judgment, and we will not presume that it did. *See Griffin v. State*, 698 N.E.2d 1261 (Ind. Ct. App. 1998) ("[I]n criminal bench trials, we presume that the [trial] court disregarded inadmissible testimony and rendered its decision solely on the basis of relevant and probative evidence."), *trans. denied*. In fact, the trial court made clear after one of Flores's objections that just because evidence was initially allowed did not mean it would ultimately be considered, stating,

> I believe that it's potentially relevant and depending on how it's developed I will give it whatever weight I feel that it's entitled to receive. Certainly, I guess this is one of the advantages of having a bench trial as opposed to a jury trial that the State's still going to have to connect the dots.

Tr. Vol. II p. 75. Moreover, the allegedly inappropriate evidence aside, the evidence of Flores's guilt is overwhelming. Foster testified in great detail about each instance of domestic battery she endured, testimony which the trial court was entitled to believe and did. Foster's grandmother also testified that in October of 2017, a few days after Flores punched Foster, she observed that Foster had two black eyes and an enlarged nose. Moreover, there were medical records indicating that Foster had suffered a facture to her nasal bone. Therefore, we conclude that the alleged errors are not so prejudicial to Flores's rights to make a fair trial impossible. Flores has failed to establish fundamental error.

[7]     The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.